## MORGAN et al. v. CITY OF ARDMORE ex rel. LOVE & THURMOND et al.

No. 27916. March 29, 1938.

Rehearing Denied April 26, 1938.

Application for Leave to File Second Petition for Rehearing Denied May 10, 1938.

Stephen A. George and John Clark Caldwell, for plaintiffs in error.

Sigler & Jackson, for defendants in error.

HURST, J. The city of Ardmore, on the relation of Love & Thurmond, owners of two paving bonds, brought this action to foreclose the bonds. Three owners of separate properties in the paving district were made parties defendant, and default judgment was, on November 27, 1935, rendered against all defendants. An execution was issued on December 16, 1935. In January, 1936, the property was sold to Love & Thurmond, the sale confirmed by the court, and a sheriff's deed issued to the purchasers. On January 27, 1936, Love & Thurmond conveyed the property to Oco Rogers.

On April 24, 1936, Alice Morgan, who was one of the property owners against whom the default judgment of November 27, 1935, was taken, filed a petition in said cause to vacate said judgment, together with the sale proceedings and the deed to Oco Rogers. Harold Wallace, the transferee of Alice Morgan, was permitted to intervene. On October 14, 1936, the trial court sustained the petition to vacate. This order, however, was set aside by the court on November 30, 1936, and the petition to vacate was denied on December 18, 1936. This appeal is by Alice Morgan and Harold Wallace, who will be referred to herein as defendants, from the orders of November 30 and December 18, 1936. A number of reasons are assigned in support of the petition to vacate the judgment on the ground that it, as well as the sale proceedings, are void on their face. We will discuss hereinafter only those reasons which, without deciding the others, determine this case.

■ The first question to be determined is: Is the default judgment of November 27, 1935, void on its face? If it is, the trial court committed error in the orders appealed from.

(a) It is to be borne in mind that an action to foreclose an assessment lien for street improvements by a bondholder is a special proceeding for the collection of such assessments and the provisions of the statute providing the procedure therefor are mandatory and must be substantially complied with. McQuillin, Municipal Corporations (2d Ed.) sec. 2308; 44 C. J. 828, sec. 3472. The statute authorizing this procedure, and under which the bondholder herein proceeded, is section 6240, O. S. 1931. This statute, among other things, provides that judgment may be entered against the property for the amount of the unpaid assessment with interest. There is no personal liability against the owner, but the judgment is one in rem. Service Feed Co. v. City of Ardmore (1935) 171 Okla. 155, 42 P.2d 853. It then reads:

"In the event said judgment, together with interest and costs, is not paid within six (6) months after the date of the rendition thereof, an order of sale shall issue by the clerk of said court, directed to the sheriff of the county, to sell said real estate in manner and form as in case of sale of real estate under execution."

The journal entry of judgment in this case, after ordering the lien of the bonds foreclosed, reads as follows:

"* * * And the court clerk of said court is hereby directed, upon the application of either the plaintiff, the plaintiff's attorney or agent to issue an order of sale covering said property, and that said property be sold with an appraisement according to law. * * *"

Under this order of the court, the court

clerk was required to issue an order of sale covering the property in question upon application of the plaintiff, its attorney or agent, without regard to the six-month period of redemption allowed by statute. And indeed, it was so construed by the plaintiff, the court clerk, and the trial judge, for on December 16, 1935, the court clerk issued his order of sale to the sheriff, and in January, 1936, the property was sold on execution and bid in by the judgment creditor, Love & Thurmond, and the sale was confirmed; all within six months after the rendition of the judgment. The judgment of the court, as set out above, is clearly contrary to the plain mandate of the statute, in that it disregards the statutory period of redemption.

(b) Section 6240, supra, provides as follows:

"* * * And upon the payment of such judgment, the amount thereof, exclusive of such costs shall be paid to the city or town treasurer and become a part of the separate, special fund to pay such outstanding bonds and interest thereon."

The judgment in question provides:

"* * * And the money derived from the sale of this property to be paid, first, to the plaintiff in payment of the judgment hereinabove rendered. * * *"

The order of the court in directing the proceeds of the sale to be paid to the plaintiff in payment of the judgment rendered is contrary to the mandatory provision of the statute that such funds shall be paid to the city or town treasurer to become a part of the special fund to pay outstanding bonds and interest thereon. As pointed out in the case of Service Feed Co. v. City of Ardmore, supra (which involved the identical bonds sued on in this case), the action by one bondholder to foreclose the special assessment lien is a class suit for the benefit of himself and other bondholders similarly situated. The order of the trial court set out above disregards this statutory provision by directing the proceeds of the sale to be paid to the plaintiff rather than to the officer having control of the fund for the benefit of all bondholders in the paving district, and is contrary to the statute and void.

The court being without jurisdiction to render the judgment that it did render, same is void on its face. Morgan v. Karcher (1921) 81 Okla. 210, 197 P. 433. The judgment, therefore, may be vacated at any time on motion of a party. Section 563, O. S. 1931. The judgment being void on its face,

it follows that all subsequent proceedings based thereon are likewise void. Arnold v. Joines (1915) 50 Okla. 4, 150 P. 130.

■ Rogers contends that under section 465, O. S. 1931, providing that "if any judgment or judgments, in satisfaction of which any lands or tenements are sold, shall at any time thereafter be reversed, such reversal shall not defeat or affect the title of the purchaser or purchasers," his title is protected. We have held that this statute does not apply to a case where the judgment creditor is the purchaser at the execution sale. Arnold v. Joines, supra. See, also, 23 C. J. 764, and 29 A. L. R. 1078. Nor does it apply to the grantee of the creditor so purchasing at the execution sale. Arnold v. Joines, supra; 23 C. J. 766; and 29 A. L. R. 1084. Nor does said section apply when, as here, the judgment and sale based thereon are void on their face. 23 C. J. 754, sec. 802, and 10 R. C. L. 1334, sec. 128. The cases of Marks v. Cowles (1878) 61 Ala. 299, and Brignardello v. Gray (1863) 17 L. Ed. 692, cited by plaintiff, are not in conflict with, but are in accord with, our views.

■ No attempt is made by counsel for Oco Rogers in their brief to sustain, by argument or the citation of authorities, the validity of the judgment of the trial court and the sale proceedings, and no brief whatever has been presented by Love & Thurmond. Counsel for Rogers contend that defendants proceeded on the theory that the judgment was voidable and not void, and before this court can review the errors of the trial court, it was necessary that defendants file a motion for a new trial. We cannot agree that the defendants proceeded on the theory that the judgment was voidable and not void. Although their pleading was denominated a "Petition to Vacate Judgment and Sheriff's Deed," and summons was issued thereon, the gist of the relief sought was to vacate the judgment and sale proceedings on the ground that they are void on their face, and the petition states none of the grounds set forth in section 556, O. S. 1931. The record discloses an attack on the judgment on the ground that it is void on its face, and we will treat the petition as a motion under section 563, O. S. 1931. Under such circumstances, no motion for new trial was necessary.

■ Rogers further contends that, since defendants are seeking equity, they should do equity and tender the amount of the special assessments with penalty and interest before relief is granted to them, and where they seek to set aside a void judg-

ment and sale, the court may refuse to grant relief "if the proceeds of the sale were received by him or his predecessor in interest, or were applied to discharge some valid lien or claim against the property," unless he reimburses the purchaser therefor. Freeman on Void Judicial Sales, p. 169. This rule, however, is inapplicable here for the reason that the judgment creditor purchased the property at the sale, the defendants received no proceeds therefrom, and the lien was not discharged against the property, since the judgment and the sale proceedings were void and could not operate as a discharge of the lien.

Plaintiff's contention that defendant is estopped from setting aside the judgment on the theory that it acquiesced in the proceedings is without merit. Section 563, O. S. 1931, expressly authorizes the vacation of a void judgment on motion at any time.

Our determination renders it unnecessary to consider defendant's contention that the judgment is void on its face in that it renders a personal judgment against her, and for the further reason that the judgment does not recite that the sale of the property shall be subject to existing general or ad valorem taxes and special assessments.

The judgment of the trial court is reversed, and the cause remanded, with directions to vacate the judgment of November 27, 1935, and all subsequent sale proceedings, including the order of confirmation and sheriff's deed, subject to the rights, if any, of Rogers under the Occupying Claimants Act, O. S. 1931, sec. 742 et seq., and to proceed in accordance with the provisions of section 6240, O. S. 1931, and not inconsistent with the views herein expressed.

BAYLESS, V. C. J., and RILEY, GIBSON, and DAVISON, JJ., concur.