**TOWN OF FAIRFAX, OKL., ex rel. BAR-
RINGER et al. v. HUBLER et al.
No. 1205.**

District Court, N. D. Oklahoma.
April 21, 1938.

Shirk, Danner & Earnheart, of Oklahoma City, Okl., for plaintiffs.

Hamilton & Howard, of Pawhuska, Okl., for moving defendants.

FRANKLIN E. KENNAMER, District Judge.

This suit was instituted by certain individual holders of special improvement bonds, in the name of the Town of Fairfax, Oklahoma, a municipal corporation, ex rel. Brandon Barringer, H. N. Perkins, and William W. Allen, Jr., to foreclose bonds in paving district No. 1 in the Town of Fairfax, pursuant to statutory authority therefor. Some one hundred forty persons are joined as defendants in the fifty-eight separate causes of action set forth in plaintiffs' bill. Each separate cause of action is directed against one or more separate defendants and involves one to ten separate tracts of land. The bill, in its separate causes of action, alleges the creation of the improvement district, the issuance of the bonds, that default has been made in the payment of the special assessments, the ownership of the lands, and contains all necessary allegations entitling complainants to the relief sought. The bill contains the general allegation that the amount involved exceeds $3,000 exclusive of interest and costs. Only one of the fifty-eight separate causes of action shows on its face to involve the sum of $3,000, exclusive of interest and costs, but the aggregate of the causes of action exceeds the sum of $3,000, exclusive of interest and costs.

The action was instituted in this court originally, and motion to dismiss has been interposed by a number of the defendants. Three separate reasons have been urged in support of the motion to dismiss, as follows:

1. That the bill of complaint shows upon its face that the sum of $3,000, exclusive of interest and costs, is not involved in fifty-seven of the fifty-eight causes of action, and that in the cause of action wherein the sum of $3,000 is involved, the paving bond constitutes a lien against ten separate lots owned by six separate defendants.

2. That the statute under which this action is prosecuted provides that the holders of separate improvement bonds shall have the right to institute an action in the district court of the county in which the property is located to foreclose the lien of such assessments, and that by reason thereof the district court of Osage county, Oklahoma, has exclusive jurisdiction, and that this court is without authority to entertain this suit.

3. That the bill of complaint fails to allege any matter of equity entitling the plaintiff to the relief sought.

The paving bonds involved in this action were issued pursuant to the Act of March 23, 1923, of the Legislature of Oklahoma, section 29, being section 6240, O.S.1931, 11 Okl.St.Ann. § 107. The legislative act is largely determinative of the issues presented on the motion, and it is set out in full in subjoined note.[1]

The bill of complaint shows on its face that fifty-seven of the fifty-eight separate causes of action, each do not involve the sum of $3,000, exclusive of interest and costs. It shows, however, that the aggregate due upon the bonds, upon which the several causes of action are predicated, involve a sum in excess of $3,000, exclusive of interest and costs. Two questions are, therefore, presented for determination. The first one is whether this suit involves a "class" action. If this is a class suit, the fund involved will determine whether this court has jurisdiction, as the fund involved exceeds the sum of $3,000, exclusive of interest and costs; on the other hand, if it is not a class action, then the amount involved is the amount sought by plaintiffs as their individual recoveries. If the plaintiffs are entitled to and seek less than $3,000, exclusive of interest and costs, then this court is without jurisdiction. The other question presented is whether the provision of the Act of March 23, 1923, § 29, Section 6240, O.S.1931, 11 Okl.St. Ann. § 107, set out in the subjoined note,[1] providing for the foreclosure of the liens in the district court of the county in which the property is located, confers exclusive jurisdiction upon the district court of Osage county, and thus excludes any

[1] "Any holder of any street improvement bond issued under the provisions of this Act shall have the right to institute, in the name of the city or town, issuing such bond, an action in the District Court of the County in which said property is located to foreclose the lien of such assessment whenever such assessment is delinquent at least for a period of twelve (12) months, stating in said petition generally the ownership of such bond, describing the property assessed, the nature of the improvement, the amount of the unpaid delinquent assessment and penalty thereon at the rate of twelve (12%) per cent per annum, and praying for the foreclosure of such lien. Summons shall be issued on such petition as in other civil actions and the cause tried by said District Court. Judgment may be entered thereon for the amount of such unpaid assessment, together with interest thereon at the rate of twelve (12%) per cent per annum from the date said assessment was due and payable up to the time of the institution of such action and for the sum of six (6%) per cent interest on said judgment from the time of the institution of such action until said judgment is paid. In the event said judgment, together with interest and costs, is not paid within six (6) months after the date of the rendition thereof, an order of sale shall issue by the Clerk of said Court directed to the Sheriff of the County, to sell said real estate in manner and form as in case of sale of real estate under execution. Such judgment shall carry the costs of such action, together with the costs of such sale; and upon the payment of such judgment, the amount thereof, exclusive of such costs shall be paid to the City or Town Treasurer and become a part of the separate, special fund to pay such outstanding bonds and interest thereon. Such judgment shall provide for the sale of said real estate subject to existing general or ad valorem taxes and special assessments. All owners or encumbrancers shall be made parties defendant in such suit. Upon the institution of an action to collect delinquent and unpaid assessments in any paving district against property liable therefor, no other or further action shall be instituted and maintained to collect such delinquent assessment against said property for said year."

other court from exercising any jurisdiction therefor.

■ It is well settled that the construction placed upon a statute of a state by the highest court of that state is binding and conclusive upon the federal courts. The legislative act under which the bonds were issued, and under which this suit is being prosecuted, has been construed by the Supreme Court of Oklahoma, in the case of Service Feed Company v. City of Ardmore, 171 Okl. 155, 42 P.2d 853, 857. The cited case involved an action instituted in the district court of Carter county, Okl., seeking to foreclose delinquent paving assessment installments against several apportionment areas in a particular street improvement district in the city of Ardmore. The Supreme Court of Oklahoma had the following to say in passing upon the cited case:

·"The claim that there was a defect of parties plaintiff is not well founded. The statute expressly authorizes any holder of any street improvement bond to foreclose his lien by action in the name of the city, which is, as to the collection of the assessments, trustee for all the interested bondholders. If there are other outstanding bonds·of the same class which are affected by' the foreclosure, the action of a single bondholder is for the benefit of himself and others similarly situated. That such action is a class suit further appears from the requirement: 'Upon the institution of an action to collect delinquent and unpaid assessments in any paving district against property liable therefor, no other or further action shall be instituted and maintained to collect such delinquent assessment against said property for said year.'

"The contention that there is a misjoinder of causes of action cannot be sustained. Spears and Bastine owners of lot 8, covered by the complaining bondhonders' lien, in like manner as lot 1, owned by plaintiffs in error, are owners within the meaning of the provision requiring that 'all owners or encumbrancers shall be made parties defendant in such suit.' Section 29 [11 Okl.St.Ann. § 107]. Separate assessments are made as to each parcel of land, but the lien of all the bondholders covers the whole district as a unit. Such action should proceed in rem against all those lots or parcels of land in the improvement district as to which assessments have been in default for a period of twelve months. This procedure avoids multiplicity of suits. Section 29, existing at the time of the issuance of the bonds, and under authority of which they were issued, entered into and became part of the contract. The bondholders accepted the.terms of the statute. The owners and encumbrancers of the district are likewise bound by the terms of the statute."

It is to be observed that the Supreme Court of Oklahoma has decided that such cases are "class" actions.

■ In further support of its position, the Supreme Court of Oklahoma, in the case of Morgan v. City of Ardmore, 78 P.2d 785, has declared a judgment.void wherein it was ordered that the individual bondholder recover judgment for the amount due under his particular bond. In other words, an individual bondholder is not permitted to recover separately, but if he·institutes a suit, the same must be for the benefit of all bondholders. As stated by the Oklahoma Supreme Court, a multiplicity of suits is avoided. This being a class suit, jurisdiction of this court must be determined by the amount involved in the fund, or the amount ultimately to be recovered in the case. Under the statute, an individual· bondholder is not entitled to a recovery upon his separately owned bonds. Upon entry of judgment and sale of the real estate, as provided in the statute, the proceeds are payable to the city or town treasurer, to become a part of the special fund to pay such outstanding bonds and interest thereon.

■ Class suits have been the subject of jurisdiction of the federal courts for many years. They have been entertained as common-law actions, and evolved in English equity through necessity. The class suits arose by reason of the impracticability or impossibility in certain cases to get all interested parties before the court, and at very early dates class suits were recognized as proper. Proposed Federal Rule 23, Rules of Civil Procedure for District Courts of the United States, will directly deal with class suits, and the rule should eliminate some of the questions heretofore involved in such actions. However, this case must be decided upon principles heretofore established by decided cases. There are various class suits, such as stockholders' actions, labor union suits,

and in such cases the presence of a fund determines the amount involved for jurisdictional purposes. See Southern Pacific Co. v. Bogert, 250 U.S. 483, 39 S. Ct. 533, 63 L.Ed. 1099. In the instant case the Oklahoma statute makes this suit a class action. It is unnecessary to look further than the legislative act to determine that this suit is a class suit. The only other necessary inquiry is to determine if the amount involved in the class suit exceeds $3,000, exclusive of interest and costs. As the bill of complaint shows on its face that a greater sum than $3,000, exclusive of interest and costs, is involved, this court has jurisdiction.

Numerous cases have been cited by defendants in support of the motion to dismiss, most of them involving suits to enjoin the levy of a tax. Each of the cases involved facts wherein the taxpayer's interest was less than $3,000, although the property involved or the property to be subjected to the tax exceeded the sum of $3,000, exclusive of interest and costs. It is to be noted that these cases are not applicable in the determination of the question here presented, for the reason that in the cited cases the complainant's interest was only the amount of his liability, and if such liability was less than $3,000, then the court was without jurisdiction. The fact that the property subjected to the tax or the penalties arising therefrom exceeded $3,000 could not confer jurisdiction. The liability of the complainant was the only question upon which jurisdiction depended. See Russell v. Stansell, 105 U. S. 303, 26 L.Ed. 989; Ogden City v. Armstrong, 168 U.S. 224, 18 S.Ct. 98, 42 L. Ed. 444; Gibson v. Shufeldt, 122 U.S. 27, 7 S.Ct. 1066, 30 L.Ed. 1083; Wheless v. St. Louis, 180 U.S. 379, 21 S.Ct. 402, 45 L.Ed. 583; Rogers v. County of Hennepin, 239 U.S. 621, 36 S.Ct. 217, 60 L.Ed. 469; Citizens Bank v. Cannon, 164 U.S. 319, 17 S.Ct. 89, 41 L.Ed. 451; Fishback v. Western Union Telegraph Company, 161 U.S. 96, 16 S.Ct. 506, 40 L.Ed. 630; Walter v. Northeastern R. Co., 147 U.S. 370, 13 S. Ct. 348, 37 L.Ed. 206; Scott v. Frazier, 253 U.S. 243, 40 S.Ct. 503, 64 L.Ed. 883. Jurisdiction in creditors' actions, not involving class suits, is determined by the amount due the complaining creditor, and two or more creditors cannot combine their claims for the purpose of conferring jurisdiction. See Lion Bonding & Surety Co. v. Karatz, 262 U.S. 77, 43 S.Ct. 480, 67 L.Ed. 871. The same rule has been applied in the cancellation of bills of lading (First State Bank v. Chicago, R. I. & P. R. Co., 8 Cir., 63 F.2d 585, 90 A.L.R. 544), as well as in an action commenced by several owners of water rights in a stream to enjoin the defendants from obstructing the stream. The action of the several plaintiffs was in their own behalf and not one for another, and jurisdiction was denied. Eaton v. Hoge, 8 Cir., 141 F. 64, 5 Ann.Cas. 487. None of the cases are similar to the one here presented. A recent case involving a class suit, in which jurisdiction was founded upon the amount sought to be recovered in a class suit, is Brusselback v. Arnovitz, 6 Cir., 87 F. 2d 761. Since this action is a class suit, and the amount involved exceeds $3,000, exclusive of interest and costs, this court has jurisdiction and the motion to dismiss is not well taken.

It is next insisted that since this action is prosecuted under the provisions of section 6240, O.S.1931, 11 Okl.St.Ann. § 107, that such law of the State of Oklahoma entered into and became a part of the contract, and that the district court of Osage county, Oklahoma, the district court in the county where the property is located, is designated as the exclusive jurisdictional tribunal having jurisdiction of the foreclosure of the bonds. It is urged that a special jurisdiction has been conferred upon the district court of Osage county, and not upon any other court, and for that reason this court is without jurisdiction. The statute created the right for an individual bondholder to bring an action for the foreclosure of the statutory lien securing the bonds, and the mere specification in the Statute that the action shall be brought in the district court in the county where the land is situated, does not exclude any other court with concurrent jurisdiction entertaining the cause. See Chicot County v. Sherwood, 148 U. S. 529, 13 S.Ct. 659, 37 L.Ed. 546, 547; Grover v. Merritt Development Company, D.C., 7 F.2d 917; Connecting Gas Company v. Imes, D.C., 11 F.2d 191, 193; Hall v. Cottingham, D.C., 55 F.2d 659; Tower Hill-Connellsville Coke Company v. Piedmont Coal Company, 4 Cir., 64 F.2d 817, 91 A.L.R. 648; Sarasota County v. American Surety Co., 5 Cir., 68 F.2d 543; Wisdom v. Guess Drycleaning Co., D.C., 5 F.

Supp. 762; Alliance Trust Co. v. Hall, D.C., 11 F.Supp. 668.

In my opinion the statute under which this action is instituted, did not confer a special jurisdiction upon the district court of the county in which the land is situate, but created a right in bondholders for the enforcement of the liens created by the statute securing the bonds. That right became a part of the bond, and may be enforced in any court having jurisdiction concurrent with state district courts.

The final contention of defendants is that there is want of equity in the proceeding, because this suit is neither a law action nor an equitable proceeding. It is asserted that it is a special proceeding under a Statute in a special court of limited and defined jurisdiction. In other words, it is contended that the action is purely statutory and is not the subject of either a law action or an equitable proceeding. In support of this contention, cases are cited involving exclusive remedies provided by congressional act, or cases in which a liability created by the statute is coupled with a provision for a special remedy. The statute involved in this case, in creating the improvement district and the liability of the bonds, provides the remedy, to wit, the action by bondholder in the name of the town, for the benefit of all other bondholders, with provision for payment to the city or town treasurer. The special remedy available to the bondholder is sought to be enforced in this case, and since the proceeding is in rem to foreclose the bonds, this court has jurisdiction. Those cases involving exclusiveness of remedy was not applicable, because the procedure in the instant case is prescribed by statute and will be followed in the prosecution of this case. It is contended that the remedy provided is in the district court of Osage county. This contention is similar to the other contention urged in support of the motion to dismiss, which has been decided against the defendants. Lien foreclosures have been the subject of equity jurisdiction for many years, and the fact that a statutory lien is created and the method of enforcing the lien is prescribed by statute does not deprive this court of its jurisdiction in lien foreclosure cases, even though the lien is statutory.

The motion to dismiss will be overruled and exceptions allowed.