**DWYER et al. v. LE FLORE COUNTY, OKL., et al.**

No. 1661.

Circuit Court of Appeals, Tenth Circuit.

July 5, 1938.

W. L. Curtis, of Fort Smith, Ark. (W. B. Wall, J. Fred Green, and R. W. Wilson, all of Sallisaw, Okl., on the brief), for appellants.

Clyde Followell, Co. Atty., and Foster Windham, Asst. Co. Atty., both of Poteau, Okl., for appellees.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

WILLIAMS, Circuit Judge.

R. H. Dwyer, T. G. Meister, Brunette Daniel, J. A. Riggs, Mrs. I. Moses, I. M. Sternberg, each and all residents and citizens of the state of Arkansas, and nonresidents of the state of Oklahoma, and Peoples Bank & Trust Company of Van Buren, Arkansas, a corporation organized under the laws of said state, instituted this action against Le Flore County, Oklahoma, Floyd Strickland, Lon Boyette, and M. A. Stewart, Board of County Commissioners of said county, Lewis Johnston, M. L. Conn and Frank Huddleston, Excise Board of said county, W. A. Campbell, City Treasurer of Poteau, Le Flore County, Oklahoma, and Perry C. Bolger, City Clerk of Poteau, Le Flore County, Oklahoma, all residents of Le Flore County, Oklahoma, to require them to make necessary tax levies and collections out of which to provide a fund with which to pay the assessment of benefits assessed and levied in Paving Improvement Districts No. 3 and No. 5 in the City of Poteau, Le Flore County, Oklahoma.

In the bill it is alleged that complainants were holders of certain bonds issued to secure funds with which to contract improvements in Paving Improvement Districts No. 3 and No. 5, which had matured October 1, 1934, and that included in such improvement district No. 3 are lots 2 and 3, block 141, of the City of Poteau, which belonged to and were the property of Le Flore County; that benefits were assessed against the lots in said district which totaled, with interest to September 15, 1936, $3,367.57, and that defendants had failed, neglected and refused to make any estimates or assessments to pay their share of the principal amount due upon said bonds.

It is further alleged in said bill that block 110 in Paving Improvement District No. 5 is the property of Le Flore County and that defendants had failed, refused and neglected to make any estimate and levy and collection of taxes out of which to pay assessment of benefits and interest against said block.

The defendants, W. A. Campbell, City Treasurer of Poteau, Le Flore County, Oklahoma, and Perry C. Bolger, City Clerk of Poteau, Le Flore County, Oklahoma, moved that the bill be dismissed as to them on the grounds (1) that it did not show on its face that said defendants are proper or necessary parties, and (2) that said bill did not state any cause of action against said defendants or either of them, or state any fact or facts that entitles plaintiff to relief against said defendants or either of them.

The demurrer in favor of each of said defendants, Campbell and Bolger, being sustained, they were eliminated as defendants.

The other defendants filed a motion to dismiss, one of the grounds being that plaintiffs were not entitled to the relief prayed for, which was sustained on the ground that a writ of mandamus against the Board of County Commissioners and the Excise Board of Le Flore County was not available as the court was without jurisdiction in this proceeding to issue such writ, and the bill dismissed.

From this final order this appeal is prosecuted.

Plaintiffs set out in their brief several statutes of Oklahoma dealing with the powers of cities and towns to issue improvement bonds, the liability of municipally owned property for improvements, the incontestability of the validity of such bonds, and other statutes of Oklahoma concerning improvement districts.

The essential question for determination is as to whether the trial court had jurisdiction to grant relief prayed for.

In federal courts mandamus is an ancillary remedy available after the right has ripened into a demand. An action to adjudicate the existence of the right is a necessary step in the enforcement of that right by mandamus. Divide Creek Irrigation District v. Hollingsworth, 10 Cir., 72 F.2d 859, 96 A.L.R. 937; Rosenbaum v. Bauer, 120 U.S. 450, 7 S.Ct. 633, 30 L.Ed. 743; Labette County Commissioners v. U. S. ex rel. Moulton, 112 U.S. 217, 5 S.Ct. 108, 28 L.Ed. 698; Smith v. Bourbon County, 127 U.S. 105, 8 S.Ct. 1043, 32 L.Ed. 73; Covington Bridge Company v. Hager, 203 U.S. 109, 27 S.Ct. 24, 51 L.Ed. 111; and Foster Federal Practice, 6th Ed., Vol. 3, pp. 2261–2266.

The Oklahoma state cases cited are inapplicable as to such jurisdiction of federal courts. The complainants, however, in addition to praying for a writ of mandamus, ask the court to enter a judgment fixing liability of the county. The nonresident citizens (plaintiffs), including said bank, are entitled to have their rights adjudicated in a federal court, and until such adjudica-

tion, said rights are not ripe for execution by mandamus.

 In Service Feed Co. v. City of Ardmore, 171 Okl. 155, 42 P.2d 853, it was held (page 855): (a) that "Any holder of a street improvement bond issued under the provisions of chapter 173, Sess.Laws 1923 [6240, O.S.1931, 11 Okl.St.Ann. § 107], may prosecute an action to foreclose a delinquent assessment lien, as provided by section 29 of said act (O.S.1931, § 6240), without joining as parties other bondholders similarly situated," and (b) that "the action provided by section 29, c. 173, Sess. Laws 1923 (6240, O.S.1931 [11 Okl.St.Ann. § 107]), to foreclose the lien of a street improvement assessment should proceed in rem against all those lots or parcels of land in the improvement district as to which assessment payments have been in default for a period of twelve months, and the owners and encumbrancers of all such lots and parcels of land with respect to which such default has been made should be joined as defendants in such action," and (c) that "the fact that delinquent assessments for street improvements made under the provisions of chapter 173, Sess. Laws 1923 [6240, O.S.1921, 11 Okl.St.Ann. § 107], have been certified in the ordinary manner to the county treasurer by the municipal authorities, does not preclude an owner of a bond secured by the lien of such assessment from proceeding by action in the district court to foreclose such delinquent assessment lien for the benefit of himself and other bondholders similarly situated."

See, also, to same effect, City of Shawnee et al. v. Taylor et al., 171 Okl. 185, 42 P.2d 860.

In Morgan et al. v. City of Ardmore ex rel. Love & Thurmond et al., Okl.Sup., 78 P.2d 785, referring to Section 6240, O.S. 1931, 11 Okl.St.Ann. § 107, it is said (page 787):

"This statute, among other things, provides that judgment may be entered against the property for the amount of the unpaid assessment with interest. There is no personal liability against the owner, but the judgment is one in rem. Service Feed Co. v. City of Ardmore, 1935, 171 Okl. 155, 42 P.2d 853. * * *

"As pointed out in the case of Service Feed Co. v. City of Ardmore, supra (which involved the identical bonds sued on in this case), the action by one bondholder to foreclose the special assessment lien is a class suit for the benefit of himself and other bondholders similarly situated."

In defendants' motion to dismiss, paragraph 1 thereof was on ground of no diversity of citizenship.

The amount involved was in excess of $3,000, exclusive of costs and interest. Any question as to the lack of jurisdiction on the ground of no diversity of citizenship was eliminated by amendment made by leave of court.

 Section 6304, O.S.1931, Title 11 Okl. St.Ann. § 123, provides: "Any property which shall be owned by the town, or county, or any board of education, or school district, shall be treated and considered the same as the property of other owners, and such town, county, school board, or board of education within such district to be assessed, shall annually provide by the levy of taxes in a sufficient sum to pay the maturing assessments and interest thereon."

Municipally owned property is liable for street improvement under this section. Clark v. City of Weatherford, 143 Okl. 165, 288 P. 278; Dean v. City of New Cordell, 151 Okl. 149, 3 P.2d 160; and Blythe v. City of Tulsa, 172 Okl. 586, 46 P.2d 310.

Under Section 6237, O.S.1931, Sec. 151, Title 11 Okl.St.Ann., it is provided: "The governing body of any city or incorporated town, after the expiration of thirty (30) days from the publication of the assessing ordinance, within which period the whole of any assessment may be paid without interest, shall provide by resolution for the issuance of negotiable coupon bonds in the aggregate amount of such assessments then remaining unpaid, bearing date thirty (30) days after the publication of the ordinance levying the assessments and of such denominations as the governing body of any city or incorporated town and the contractor shall determine, which bonds shall in no event become a liability of the city or town issuing the same."

This section provides: " * * * [the bonds] are payable from the assessments which have been levied upon the lots and tracts of land benefited by said improvement and from the accumulation of the interest and penalty herein provided for. * * * "

See, also, Town of Fairfax, Oklahoma, ex rel. Barringer et al. v. Hubler et al., D.C.N.D.Okl., 23 F.Supp. 66.

The prayer was for an order and judgment of the court fixing the liability of the defendant, Le Flore County, Oklahoma, in said Paving Improvement Districts, on account of assessment of benefits in the aggregate sum of $22,679.48, together with 12% thereon from the 15th day of September, 1936, and that a peremptory writ of mandamus issue thereon as against the Board of County Commissioners of Le Flore County, Oklahoma, and the Excise Board of Le Flore County, Oklahoma, requiring them to make the necessary estimates, levies and certification of a tax sufficient to pay the amount thus found to be due by said county 'on account of said paving improvements abutting its property in said Paving Improvement Districts, and for any other proper relief.

The court should have overruled the motion to dismiss and determined the amount of liability. and entered proper decree or judgment as to same, but denied prayer for a writ of mandamus. After the amount of liability had been fixed by decree or judgment, if the requisite levies are not made, then the court may entertain the question of ancillary mandamus in aid of its existing jurisdiction. Gray et al. v. City of Santa Fe, N. M., 10 Cir., 89 F.2d 406.

This case is reversed and remanded, parties being permitted on proper request to amend pleadings, 'the court to determine whatever amounts may be due in rem on respective claims and in event of default as to levying of assessments, then entertain jurisdiction as to ancillary mandamus.