### BERRY v. CITY OF WEWOKA ex rel. NORTH et al.

No. 29541.   Oct. 1, 1940.

*105 P. 2d 1056.*

Geo. C. Crump and H. W. Carver, both of Wewoka, for defendants in error.

RILEY, J. This is an appeal from a judgment and decree foreclosing a lien for special assessments levied to pay street improvement bonds issued by the city of Wewoka in improvement district No. 2.

The action was commenced by the City of Wewoka ex rel. S. N. North et al., under the provisions of section 6240, O. S. 1931, sec. 107, title 11, Okla. St. Ann.

In the original petition it was alleged that relators, S. N. North, C. Guy Cutlip, J. A. Patterson, S. S. Orwig, J. Read Moore, H. W. Carver, and J. L. Dixon, were the owners of bonds numbered 173 to 192, inclusive; 201 to 220, inclusive, and 228 to 231, inclusive; that the assessments for the years 1930 to 1934, levied against the lot owned by defendant Berry, amounting in all, including interest and penalty, to $189.13, were delinquent and unpaid. All had been delinquent for more than one year.

On February 13, 1939, nearly 26 months after the petition was filed and some 19 months after the answer was filed, defendant filed suggestion of the death of C. Guy Cutlip, one of the alleged owners of the bonds, and suggested that the executor of the estate of Cutlip was a necessary party.

Thereafter, plaintiff, city of Wewoka ex rel. North, Patterson, Orwig, Moore, Carver and Dixon, filed a motion, alleging the death of relator Cutlip, alleged that he was not a necessary party; that the other relators owned more than one of the bonds in their own right, and requested that they be permitted to continue the prosecution of the action.

The motion was granted and the petition was amended accordingly. When the cause was called for trial defendant Berry objected to going to trial because the action had not been revived as to the interest of the estate of relator Guy C. Cutlip, then deceased.

In his answer defendant denied that street improvement district had been legally created, and alleged that the bonds in question were not legally issued and that they do not constitute a legal charge against the lots in said dis-

·trict; denied that relators are the owners of the bonds; that there is a defect in the parties defendant in that the action should be one in rem against all the owners and incumbrancers of all the lots and parcels of land in the district that have been delinquent for a period of twelve months.

He further alleged that should the bonds be held valid, the city clerk wholly failed, neglected, and refused to publish notice to the lot owners of the maturity of the several assessments as required by section 28, ch. 173, S. L. 1923 (sec. 6239, O. S. 1931, 11 Okla. St. Ann. § 106), and for that reason no penalty could be imposed.

Trial was had to the court without a jury, resulting in a judgment and decree upholding the validity of the bonds, fixing the amount of the delinquent assessments, interest and penalty as alleged in the petition, declaring a lien on the lot in question, and ordering same foreclosed and the property sold, if the amount found due, with interest and costs, was not paid within six months from the date of the judgment and decree.

Defendant appeals and presents two alleged errors:

1. Error in proceeding to trial after the suggestion of the death of C. Guy Cutlip without reviving the cause in the name of the administrator or executor of the estate of said deceased.

2. That the court erred in allowing the penalty, in that it was conclusively shown and admitted that the city clerk failed and neglected to publish the notice of maturity of installments or assessments as required by section 28, ch. 173, S. L. 1923, supra.

Defendant on the first proposition relies in part upon section 153, O. S. 1921, 12 Okla. St. Ann. § 160, which provides:

"Of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants, but if the consent of one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason being stated in the petition."

He contends that since it was alleged in the original petition that C. Guy Cutlip, with the other relators, were joint owners of the bonds sued upon, Cutlip was a necessary party, and upon suggestion of his death, the action should have been revived in the name of the administrator or executor of his estate. This, of course, would be true in an ordinary action to recover a money judgment.

In Morgan v. City of Ardmore ex rel., 182 Okla. 542, 78 P. 2d 785, it is pointed out that the proceeding to foreclose an assessment lien is a special proceeding and that there is no personal liability against a lot owner; that the judgment, if and when paid, must be paid to the city or town treasurer to become a part of the separate special fund to pay outstanding bonds and interest thereon.

The proceedings are brought in the name of the city for the benefit of all the bondholders.

Any bondholder may institute in the name of the city or town issuing the bond an action in the district court of the county in which the property is located to foreclose the lien, stating in the petition generally the ownership of such bond.

In Service Feed Co. v. City of Ardmore, 171 Okla. 155, 42 P. 2d 853, it is held:

"Any holder of a street improvement bond issued under the provisions of chapter 173, Session Laws 1923 (6240, O. S. 1931), may prosecute an action to foreclose a delinquent assessment lien, as provided by section 29 of said act * * * without joining as parties other bondholders similarly situated."

In the opinion it is said:

"The claim that there was a defect of parties plaintiff is not well founded. The statute expressly authorizes any holder of any street improvement bond to foreclose his lien by action in the name of the city, which is, as to the collec-

tion of the assessments, trustee for all the interested bondholders. If there are other outstanding bonds of the same class which are affected by the foreclosure, the action of a single bondholder is for the benefit of himself and others similarly situated."

Any one holder of a street improvement bond may institute and maintain the proceeding.

The fact that more than one owner instituted the present action does not mean that all such persons are necessary parties. If more than one owner institute the proceeding and one should withdraw, that fact would not preclude the remaining owners from prosecuting the action to a conclusion.

Distribution of the proceeds from the sale of any lot or lots is not to be made by the court. The money derived from the sale, if sale is made, is to be paid to the treasurer of the city, and by him distributed to the various bondholders according to their respective interests. When distribution is considered, there will be time to decide to whom payment shall be made as to the bond or bonds owned by C. Guy Cutlip, deceased.

It was not error to allow the amendment showing ownership of one or more of the bonds in the other relators and in permitting the action to proceed without revivor as to the alleged interest.

On the other proposition defendant relies upon the statutory requirement contained in section 6267, O. S. 1931, 11 Okla. St. Ann. § 236, making it the duty of the city or town clerk, not less than 30 days and not more than 40 days before the maturity of any installment of an assessment, to publish notice advising the owner of land affected by such assessment of the date when such installment and interest will be due. But defendant overlooks that part of the same section which provides:

"Failure of the city or town clerk to publish notice of the maturing installment and interest shall in nowise affect the validity of the proceedings to collect same under the provisions of this section."

Section 4618, C. O. S. 1921, a part of the 1907-08 street improvement act, contained the same requirement as to notice and the same proviso.

In Wilson et al. v. City of Duncan et al., 129 Okla. 181, 264 P. 203, it is held:

"That portion of section 4618, C.O.S. 1921, which provides that the city clerk shall notify, by publication, the owners of property affected by paving assessments of the date when such installments and interest will be due and providing what said notice shall contain is not mandatory, but merely directory, by reason of the proviso, thereto attached, which provides that failure of the city clerk so to do shall in no wise affect the validity of the proceedings to collect such assessment."

The law itself is notice as to the maturity of each installment.

There was no error in including the penalty in the judgment and decree.

Judgment affirmed.

OSBORN, GIBSON, HURST, and DAVISON, JJ., concur.