CITY OF HOLLIS, OKL., ex rel. KEARN et al. v. CARRELL et al.

CITY OF HOLLIS, OKL., ex rel. GLIOT v. LONG et al.

CITY OF HOLLIS, OKL., ex rel. ROCK-STROH v. CITY OF HOLLIS, OKL., et al.

CITY OF HOLLIS, OKL., ex rel. STATE NATIONAL CO. v. PITMAN et al.

Nos. 614, 615, 617, 631.

District Court, W. D. Oklahoma.

Nov. 25, 1941.

Reynolds & Ridings, of Oklahoma City, Okl., for plaintiff.

894

Ross Cox, C. H. Madden, J. W. Watson, R. D. Miller, and Raymond Barry, all of Hollis, Okl., Robinson & Oden, of Altus, Okl., Embry, Johnson, Crowe & Tolbert and Arnold T. Fleig, all of Oklahoma City, Okl., Stanard, Carey & Stanard and Geo. E. McKinnis, Jr., all of Shawnee, Okl., Melton, McElroy & Vaughn, of Chickasha, Okl., Otto K. Wetzel, of Dallas, Tex., and Wm. H. Zwick, of Ponca City, Okl., for defendants.

VAUGHT, District Judge.

The above-numbered cases will be considered together inasmuch as they involved paving districts in the same city, the parties for the most part are represented by the same counsel, and the questions raised are practically the same. These four cases were incorporated by specific reference to case number in the opinion of this court filed July 18, 1941, in City of Clinton, Okl., ex rel. v. First National Bank of Clinton, Okl., et al., 39 F.Supp. 909, and that opinion is incorporated herein by reference as same is applicable to the questions here involved.

Certain defendants strenuously contend that this court has no jurisdiction because the amount in controversy as to any one cause of action, or as to any one defendant, does not exceed $3,000 exclusive of interest and costs, and that the bonds sued upon do not exceed $3,000 exclusive of interest and costs.

This question has been settled by this court in other cases on the motions to dismiss, but in some of these cases it appears that motions to dismiss, attacking the jurisdiction of this court, were filed after the answers had been filed.

The defendants contend that the plaintiffs have sued upon six bonds of $500 each, which total exactly $3,000, and therefore do not exceed $3,000 as required by statute to give the federal court jurisdiction. These defendants overlook the character of these actions. The relators in the cases here involved may own exactly six $500 bonds, but that is merely coincidental. The owner of one $500 bond is privileged to bring the foreclosure action under the statute, 11 Okl.St.Ann. § 107, which provides: "Any holder of any street improvement bond * * * shall have the right to institute, in the name of the city or town, issuing such bond, an action * * * to foreclose the lien of such assessment whenever such assessment is delinquent at least for a period of twelve (12) months, * * *."

It is noted that the action is for the purpose of foreclosing the delinquent assessments, not for collecting the bonds sued upon. And later in the same section, it precludes any other bondholder from bringing suit for the collection of the same assessments, as will be noted in the quotation below.

In Service Feed Co. v. City of Ardmore, 171 Okl. 155, 42 P.2d 853, 857, the Oklahoma Court said: "The statute expressly authorizes any holder of any street improvement bond to foreclose his lien by action in the name of the city, which is, as to the collection of the assessments, trustee for all the interested bondholders. If there are other outstanding bonds of the same class which are affected by the foreclosure, the action of a single bondholder is for the benefit of himself and others similarly situated. That such action is a class suit further appears from the requirement: 'Upon the institution of an action to collect delinquent and unpaid assessments in any paving district against property liable therefor, no other or further action shall be instituted and maintained to collect such delinquent assessment against said property for said year.'" (Emphasis supplied.)

These are "class" actions as announced by the Oklahoma court in the above case, and in such actions the jurisdictional amount is measured, not by the amount due to any one member of the class, nor due from any one defendant, but by the amount or fund to be recovered by the action. See Town of Fairfax, Okl., ex rel. Barringer v. Hubler, D.C., 23 F.Supp. 66; Brown-Crummer Inv. Co. v. City of Florala, Ala., D.C., 55 F.2d 238; Gibbs v. Buck, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111; Brusselback v. Arnovitz, 6 Cir., 87 F.2d 761; and the authorities cited therein. The cases cited by the defendants are not in point because they do not involve statutes such as the one here under consideration which makes this a class action and compels all assessments to be foreclosed in the one suit.

In the cases at bar, numerous defendants have alleged that Mr. Erby Adams of Hollis, Oklahoma, was acting as the agent of the respective relators when he sold them the bonds which they surrendered in the attempt to settle their

paving assessments; that they were induced by the plaintiffs (relators) to buy said bonds for such purpose and were assisted by the plaintiffs through their said agent in accomplishing such bond surrenders; and, that the plaintiffs are estopped by their said acts to deny the validity and legality of such bond surrenders. Certain defendants pray in the alternative that if such bond surrenders cannot be held valid, they should be entitled in equity to priority of payment over any bonds owned by said relators or by the said Erby Adams.

The Oklahoma Supreme Court held the bond surrender act, Chap. 58, S.L.1933, 62 Okl.St.Ann. §§ 341–346, unconstitutional in January, 1938. See Davis v. McCasland, 182 Okl. 49, 75 P.2d 1118, and the discussion thereof by this court in City of Clinton, Okl., ex rel. v. First Nat. Bank of Clinton, Okl., et al., supra. But it must be remembered that such act had not been held unconstitutional at the time said bond surrenders were made, and they were authorized by law.

No trial has been had in these cases wherein the agency between the relators and Erby Adams has been proved, but even if it is conceded that he was their agent, such agency is immaterial. If the relator himself had sold the bonds directly to the defendants, still there would be no element of estoppel as such transactions were not at that time contrary to law. It is not within the province of this court to reverse bond sales made to the defendants, nor may the court alter the numerical order or priority of payment of the bonds as contained in the bondholders' contract.

The defendants further contend that the state district court has exclusive jurisdiction of paving foreclosure actions, as that court only is mentioned in the paving act, supra, and because this is a special proceeding or remedy. This court has heretofore ruled adversely to such contention. The jurisdiction of federal courts cannot be limited by state legislative enactments, and federal courts have concurrent jurisdiction of this class of cases. See Hyde et al. v. Stone, 61 U.S. 170, 20 How. 170, 15 L.Ed. 874; Fitch v. Creighton, 65 U.S. 159, 24 How. 159, 16 L.Ed. 596; Gormley v. Clark, 134 U.S. 338, 10 S.Ct. 554, 33 L.Ed. 909; Henrietta Mills v. Rutherford County, N. C., 281 U.S. 121, 50 S.Ct. 270, 74 L.Ed.

737; Sarasota County, Fla., v. American Surety Co., 5 Cir., 68 F.2d 543; Dwyer v. Le Flore County, Okl., 10 Cir., 97 F.2d 823; Town of Fairfax, Okl., ex rel. Barringer v. Hubler, supra.

Certain answers deny the correctness of the amounts of the installments sued upon. These are matters of mathematical computation upon which the plaintiff and the defendants should be able to come to an agreement. If not, it will be necessary for such questions to be set down for trial and a hearing had thereon.

On the issues here involved, judgment shall be awarded to the plaintiffs and exceptions allowed the defendants. Also, judgment shall be awarded to Home Owners Loan Corporation under its alternative prayer as set out in its cross-petition.

Forms of judgment consistent with this opinion should be prepared in each of the above cases, as to the causes of action involved, and submitted to the court.