## DAVIS et al. v. McCASLAND.

No. 27273. Jan. 18, 1938.

Rehearing Denied Feb. 8, 1938.

J. G. Clift, for plaintiffs in error.

Brown & Cund, for defendant in error.

Norman E. Raynolds, W. Otis Ridings, G. A. Paul, Harris L. Danner, John L. Goode, James S. Twyford, Solon W. Smith, William J. Crowe, Thomas E. Elcock, James G. Martin, and Allen A. Schaefer, amici curiae.

GIBSON, J. J. C. McCasland, owner of property in a paving district in the city of Duncan, purchased some paving bonds and tendered them to the city clerk in payment of his paving assessments as permitted by chapter 58, S. L. 1933. Upon refusal of the clerk to accept the bonds, McCasland brought suit in mandamus against the clerk and the city, and the district court awarded him full relief. The city clerk and the city appeal, alleging the unconstitutionality of the 1933 law.

The validity and constitutionality of article 9, chapter 33, Session Laws 1935, is not involved herein and consequently is neither considered nor determined.

McCasland contends that neither the city nor the clerk can raise the constitutional questions involved. This contention, if sound, disposes of this case and leaves the constitutional questions for a proper case. This issue is simplified by a concession made in the brief that the city clerk may not raise the constitutional questions, leaving for determination the question of whether the city can raise the objection, which is, chiefly, that the law impairs the obligation of the contract made when the bonds were issued.

Various amici curiae briefs have been filed touching both sides of the constitutional questions involved, and raising other questions not tried below.

As interesting and instructive as the discussions by the amici curiae are, we can consider only those questions properly raised by the parties to the case and the issues by them presented. Amici curiae must accept the issues as made and cannot raise constitutional questions not presented by authorized persons. State ex rel. the City of Albuquerque (N. M.) 249 P. 242.

The general rule, of course, is that a party without a personal interest in a matter cannot question the constitutionality of an act involving such matter, nor can one who is not a party to a contract assert that an act of the Legislature impairs the validity of such contract. Has the city such an interest?

It is contended that the city has an interest in the contract in that it was a party

to the original contract, that under the law it undertakes to make the collections and pay them out, and that the city has a contingent 1 per cent. interest in the collections as well as in the amounts in excess of the payment of the bonds and interest.

The city in its capacity and duties under a paving bond contract has been termed "trustee for all the interested bondholders" (Service Feed Co. v. City of Ardmore, 171 Okla. 155, 42 P. (2d) 853); and the trustee of an express trust (Straughn v. Berry, 179 Okla. 364, 65 P. (2d) 1203). It is apparent, therefore, that the city had a duty to perform that was not purely ministerial as well as an interest in the results of the collections. If bonds were used to pay off the assessments, the city would lose its percentage and possible compensation. It has been held that the trustee of an express trust is not estopped from setting up in his character as trustee any defense which the cestuis que trustent, were they in person defending the action, might properly urge in their own behalf. Wagnon v. Pease (Ga.) 30 S. E. 895. See Producers' State Bank of Wilson v Clark, 102 Okla. 181, 228 P. 986. We conclude, therefore, that the city has such interest, both in its own right and as trustee, to enable it to raise the constitutional questions involved, that is, whether or not the act of 1933, supra, violates section 15, art. 2, of the Oklahoma Constitution, and section 10. art. 1, of the Constitution of the United States.

The bonds in question were issued under the provisions of chapter 93, S. L. 1927, as amended by Laws 1933, c. 53, which did not provide that the assessments might be paid by bonds. The bonds are not liens against any particular property, but against the whole property in the district, payable in numerical order. Without any statement to the contrary, in the law or obligations issued thereunder, presumably the bonds are payable in cash. 61 C. J. 962, sec. 1238. Howard, City Clerk, v. State ex rel. McGarry (Ala.) 146 So. 414. It cannot be doubted that if some of the assessments are paid, not by cash, but by bonds further down the numerical list. the lien of all intervening bonds has to some extent been altered, and, in a practical sense, in most cases, lessened. In Howard, City Clerk, v. State ex rel. McGarry, supra, it was said:

"If no bonds had been issued and the city and the property holders were the only ones interested, the statute would not be unconstitutional, **but as the bondholders' rights have intervened**, the Legislature has no **power to change the medium of payment as to such existing bonds;** and not having such

right, cannot be held under the existing statute to have intended a retrospective effect that would render the act unconstitutional. Jefferson County v. John L. Busby, 226 Ala. 293, 148 So. 411, and authorities cited.

"When the improvements, in respect of which these bonds were issued, were completed, and the assessments made final against all of the benefited property, each holder of one of the 124 bonds issued to pay the cost of such improvements had vested in him a 1/124th interest in the liens given by the statute upon **each of the many pieces of property**, against which the assessments were levied. These lots or parcels of land were of different values; some were worth more than the amount assessed respectively against such property, and some were, or may have been, or may be at this time, worth less than the amount of the assessments against such parcels. The probability of collecting in full each assessment is dependent upon the total value of the property against which the assessment was made. The value of the security afforded the bondholders by reason of the assessment is, therefore, dependent upon the value of each lot or parcel of property, and upon the value of all the property taken as a whole. If every bondholder had a lien upon one piece of property, that is, if every bond was secured by an assessment against one parcel of property, the situation would have been different, and every bondholder would have been forced, in order to determine the value of his security, to ascertain the value of the particular piece of property covered by the assessment which stood as security for his particular bond. If that had been the case, the bondholder would have no right to object to the later enactment of a law which permitted his bond to be used in the payment of the assessment against the only piece of property on which he held a lien. Such is not the case. Each holder of one bond has a 1/124th vested interest in each and all of the assessments, and that security cannot be impaired by any statute subsequently enacted impairing that lien."

Other cases holding that such a law, unless applicable only to bonds issued after the passage thereof, would impair the obligation of the contract with the bondholders are: Jones v. LaVigne (Wis.) 231 N. W. 588, 85 A. L. R. 242; Straus v. Ketchen (Idaho) 28 P. (2d) 824; Crummer v. City of Fort Pierce (D. C.) 2 Fed. Supp. 737, cited with approval in First State Sav. Bank v. Little River Drainage Dist. (Fla.) 165 So. 48, and in Wall v. McNee (5 C. C. A.) 87 Fed. (2d) 768; Hershey v. Cole (Cal. App.) 20 P. (2d) 972. These cases are in line with former holdings of this court to the effect that the laws in force at the time of the issuance of municipal bonds enter into their

terms and that their obligations cannot be thereafter in any way impaired or their fulfillment hampered or obstructed by a change in the law. Perryman v. City Home Builders, 121 Okla. 150, 248 P. 605; Prince v. Ypsilanti Savings Bank, 140 Okla. 131, 282 P. 282.

It follows, therefore, that the city was within its rights in not accepting the bonds in payment of the paving taxes and the mandamus was wrongfully issued.

The cause is accordingly reversed and remanded, with directions to dismiss the petition for mandamus.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, WELCH, PHELPS, CORN, HURST, and DAVISON, JJ., concur.