**CITY OF WEWOKA, OKL., et al. v. BANKER et al.**

No. 2125.

Circuit Court of Appeals, Tenth Circuit.

Feb. 5, 1941.

·H. W. Carver, of Wewoka, Okl., for appellants.

W. R. Banker, of Muskogee, Okl. (A Camp Bonds, of Muskogee, Okl., on the brief), for appellees.

Before BRATTON and MURRAH, Circuit Judges, and KENNAMER, District Judge.

MURRAH, Circuit Judge.

The appellants challenge the jurisdiction of the trial court to award "between solicitor and client" fees to the appellee, W. R. Banker, for services rendered in connection with the foreclosure of certain paving bonds under the Act of 1923 (Chapter 173, Session Laws of Oklahoma, 1923, 11 Oklahoma Statutes Annotated, Section 107), in which suit the solicitor, appellee W. R. Banker, secured the restoration of assessments, penalties and interest against certain property included within Improvement District No. 3, City of Wewoka, Oklahoma.[1] The tax assessments, penalties and interest against said property had been paid by ·the surrender of bonds of the Improvement District to the City Clerk and City Treasurer, as provided by 62 Oklahoma Statutes Annotated, Sections 341 to 346, Chapter 58, Session Laws of Oklahoma, 1933, page 106, Section 5.[2]

The appellants concede the equitable jurisdiction of the court to award "between solicitor and client" fees in an appropriate case, based on the underlying principles announced in Sprague v. Ticonic National Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184; Trustees v. Greenough, 105 U.S. 527, 26 L.Ed. 1157 and Wallace v. Fiske, 8 Cir., 80 F.2d 897, 107 A.L.R. 726, but earnestly contend that the facts presented here do not bring appellee, W. R. Banker, within the compass of the equitable jurisdiction of the court, authorized by these decisions.

The equitable jurisdiction of the court to award "between solicitor and client" fees, when the services performed result in a benefit to the parties of one class, has been sustained in many jurisdictions, and is well rooted in equitable principles under varying circumstances. "It is a general principle that a trust estate must bear the expenses of its administration. It is also established by sufficient authority, that where one of many parties having a common interest in a trust fund, at his own expense takes proper proceedings to save it from destruction and to restore it to the purposes of the trust, he is entitled to reimbursement * * * from those who accept the benefit of his efforts." Trustees v. Greenough, supra; Sprague v. Ticonic National Bank, supra; Wallace v. Fiske, supra; In re

[1] Paving District Series Number 3, of the City of Wewoka, Oklahoma, was created by the city of Wewoka in the manner provided by Chapter 173, Session Laws of the State of Oklahoma 1923, page 278, 11 Oklahoma Statutes Annotated, Section 81 seq.

On the 13th day of December, 1934, the City of Wewoka issued its Street Improvement Bonds, Series No. 3, in the aggregate sum of $55,595.82 consisting of 112 bonds numbered consecutively, from 1 to 112 for the principal sum of $500.00 each, except bond 112, which was for $595.82. Each bond bore interest at the rate of six per centum per annum, payable semi-annually from date until maturity, October 1, 1934.

[2] This statute was declared invalid and payment of taxes, penalties and interest satisfied by the surrender of bonds, under the provisions of this Act, was declared a nullity. Davis v. McCasland, 182 Okl. 49, 75 P.2d 1118, decided January 18, 1938.

Middle West Utilities Company, D.C., 17 F.Supp. 359; Clarke v. Hot Springs Electric Light & Power Co., 10 Cir., 76 F.2d 918; Security National Bank of Watertown, S. D. v. Young, 8 Cir., 55 F.2d 616, 84 A.L.R. 100; Nolte v. Hudson Navigation Company, 2 Cir., 47 F.2d 166 and Central Railroad & Banking Company of Georgia v. Pettus, 113 U.S. 116, 5 S.Ct. 387, 28 L.Ed. 915. See also Wallace v. Fiske, 8 Cir., 80 F.2d 897, 107 A.L.R. 749 and Hempstead v. Meadville Theological School, 286 Pa. 493, 134 A. 103, 49 A.L.R. 1149.

"In the actual exercise of the power to award costs 'as between solicitor and client' all sorts of practical distinctions have been taken in distributing the costs of the burden of the litigation." Sprague v. Ticonic National Bank, supra [307 U.S. 161, 59 S.Ct. 780, 83 L.Ed. 1184]. The power of the court is capable of abuse and should be exercised with caution and regard to the rights of litigants. Trustees v. Greenough, supra; Sprague v. Ticonic National Bank, supra; Central Railroad & Banking Company of Georgia v. Pettus, supra; and In re Middle West Utilities Company, supra.

Whether or not, in these circumstances, there was a proper exercise of equitable jurisdiction is our problem in this case.

The appellants challenge the jurisdiction of the court over the subject matter but in their brief, and on argument, it is fairly conceded that the court does have jurisdiction of the subject matter and our independent consideration of this question convinces us that all the jurisdictional requirements are met.

The evidence shows that the appellee, W. R. Banker, was counsel for the relator and intervenors, who were the owners of 21 bonds, issued by Improvement District No. 3 of Wewoka, Oklahoma. [3] They will be referred to herein as relator's bonds.

On March 22, 1937, the relator instituted a class suit to adjudicate the amount of, and foreclose, the delinquent paving assessment liens existing against the respective properties located in the said District, pursuant to the provisions of Chapter 173, Session Laws of Oklahoma 1923, page 289, 11 Oklahoma Statutes Annotated, Section 107. The petition contained 87 separate causes of action against 235 separate lots and tracts within the District.

On June 3, 1938, by amendment, the relator made the City of Wewoka, Oklahoma and M. M. Sebastian, as City Clerk and City Treasurer, parties defendant and alleged that a great number and amount of the paving assessments, penalties and interest, within the said District had been discharged and receipts had been issued by the said Clerk showing payment of the same. The said assessments, penalties and interest had been paid by the surrender of bonds of the said District to the City Clerk, pursuant to the provisions of the Act of 1933, supra. That the said purported payment of the tax assessments, penalties and interest by the surrender of bonds of the said Improvement District to the City Clerk was void and violative of the rights of the relator and the owners of all other outstanding bonds of said series and interest coupons attached to the said bonds. The relator prayed that the assessments, penalties, and interest so paid by the surrender of bonds, pursuant to the unconstitutional statute, be restored to the tax rolls and that the records of the City Clerk and City Treasurer show the re-establishment of the installment assessments and the restoration of the bonds to their original status. Relator further prayed that his counsel be allowed a reasonable attorney's fee out of the funds held by the City of Wewoka, Oklahoma, for the payment of the bonds issued by the Street Improvement District, to be charged proportionately against the bonds benefited thereby. [4]

M. M. Sebastian, as City Clerk and City Treasurer, of the City of Wewoka, filed separate answers in which he admitted the issuance of the receipts for the tax assessments, penalties and interest in consideration for the surrender of the Improvement Bonds; asserted that such procedure was in pursuance of the Act of 1933, supra, and further alleged that after having refused to accept some of the bonds in payment of some of the Street Improvement assessments, certain bondholders obtained a Writ of Mandamus from the District Court of competent jurisdiction, compelling him to accept the Street Improvement Bonds in

---

[3] Bonds Nos. 44, 46, 48, 50, 52, 54, 56, and 58 were owned by the relator and bonds Nos. 43, 45, 63, 65, 67, 69, 71, 81, 87, 91, 95, 101, and 107 were owned by the intervenors.

[4] Bonds Nos. 55, 60, 62, 64, 66, 72, 75, 77, 90, 93, 97, and 105, were the bonds against which the fee was allowed.

payment of the assessments, penalties and interest, in conformity with the Act of 1933, supra, and that a part of his acts in connection therewith were amenable to the judgment of the District Court. He denied the right of the appellee, W. R. Banker, to attorney's fee and prayed that no other money judgment be awarded to the plaintiff as against the City Clerk and City Treasurer.

The City of Wewoka, Oklahoma, answered and denied any responsibility for the collection of the Improvement Assessments of the District, stating that the duty of collecting Street Improvement Assessments was upon the City Clerk and the City Treasurer. The City specifically denied that the appellee, W. R. Banker, was entitled to any attorney's fee or any other sum in the custody of the City Clerk and City Treasurer, and prayed that no judgment for attorney's fee, or any other costs be awarded to the plaintiff.

On February 6, 1939, the Court rendered a Summary Judgment, based on the pleadings, decreeing a foreclosure of the delinquent assessments and the sale of the parcels and tracts of land against which there were delinquent installments of assessments. The Court further ordered that each and all the purported receipts, issued by the City Clerk of Wewoka, showing payment, or settlement, of installments of assessments levied in the special Improvement District No. 3, wherein Improvement Bonds of the District had been surrendered in payment of the said installments, in pursuance of the Act of 1933, supra, be cancelled and ordered the assessment rolls to show each of the installments of assessments, penalties and interest so paid, restored to the tax rolls of the taxing district.[5] The Court ordered the relator reimbursed for the costs advanced, in the sum of $543.11, to be paid out of the first sums coming into the hands of the City Treasurer and belonging to the Improvement Fund. The Court apparently reserved for further consideration the allowance of fees to the appellee, W. R. Banker.

Thereafter, and on October 16, 1939, appellant, S. N. North,[6] answered, denying that appellee, W. R. Banker, was entitled to counsel fees to be paid out of any funds of the District and specifically denying that the re-establishment of the installments of assessments and the restoration of the bonds were beneficial to him.

Simultaneously, the City of Wewoka, the City Clerk and City Treasurer of the said City answered, denying the jurisdiction of the Court to allow counsel fees to be charged against bondholders not parties to the suit, and further denying that the appellee, W. R. Banker, had performed any services beneficial to the bondholders.[7]

At the time of the institution of the suit by the appellee, W. R. Banker (March 22, 1937), bonds numbered 1 to 40 and bonds No. 57 and No. 73 had been paid in full by the City Treasurer. The bonds enumerated in Marginal Note 5 had been surrendered in payment of tax assessments, penalties and interest, levied against certain tracts and parcels of land included within the taxing district owned by the bondholders who had surrendered their bonds.

Of course, when these bonds were surrendered, the assessments against the property, which the bonds were used to pay, were cancelled and the property was thereby removed from the tax rolls and not subject to the payment of outstanding bonds. It will be noted, by casual examination, that a great many of the bonds, which had been used in satisfaction of the tax assessments, were of much higher numerical order than bonds outstanding and unpaid, and it was for this underlying reason that the Supreme Court of the State of Oklahoma, in Davis v. McCasland, supra, held that their surrender in payment of taxes, penalties and interest was invalid and a nullity, because the bonds were required to be paid in their numerical order and from a common fund accruing from the collection of assessments against all the property included within the taxing district.[8]

---

[5] Bonds Nos. 41, 42, 47, 49, 51, 53, 59, 61, 68, 70, 74, 76, 78, 79, 80, 82, 83, 84, 85, 86, 88, 89, 92, 94, 96, 98, 99, 100, 102, 103, 104, 106, 108, 109, 110, 111, and 112 had been surrendered in payment of tax assessments, penalties and interest and were, by the decree of the court, restored to the owners thereof and the assessments, penalties and interest paid by them restored to the assessment rolls.

[6] S. N. North was the owner of Bonds Nos. 55, 64, 66, 75, 77, and 105.

[7] Bonds Nos. 60, 62, 72, 90, 93 and 97 were not represented, except by the City of Wewoka, Oklahoma, as Trustee.

[8] Section 26, Chapter 173, Session Laws of 1923, 11 Oklahoma Statutes Annotated, Section 151, provides: " * * * Said bonds shall be issued in series, and the bonds of each series shall be numbered consecutively beginning with Number One and said bonds of each series shall be payable in their numerical order. * * * "

It is therefore plain, that the restoration of the tax assessments, penalties and interest, which had been cancelled by the surrender of these bonds, in effect insured the payment of the bonds in their numerical order as provided by the statute, pursuant to which they were issued.

■ Appellant, S. N. North, contends, and has offered evidence to support his contentions: first, that inasmuch as he had used certain of his bonds to satisfy tax assessments, penalties and interest against certain property which he owned within the taxing district and that by the restoration of the tax assessments, penalties and interest, he is now required to pay approximately $1,550 in taxes and because the bonds he used to pay the tax assessments are greater in numerical order than other unpaid bonds he has suffered a detriment instead of a benefit and therefore his bonds, affected by the decree of the court, should not be assessed proportionately to pay counsel fees; second, that the value of the property within the taxing district, remaining after the surrender of the bonds, was more than sufficient to pay all outstanding bonds, penalties and interest. He contends, therefore, that the appellee, W. R. Banker, has not restored any fund or conferred any benefits upon the parties sought to be assessed and the court erred in allowing counsel fees to be apportioned among the outstanding and unpaid bonds.

The evidence is conflicting on the value of the property remaining, and subject to assessment, after the removal of the property from the tax rolls by the surrender of bonds in lieu of the payment of taxes, penalties and interest. The evidence is conflicting, also, on the value of the property subject to assessment after the restoration of the bonds and the cancellation of the tax assessments against the property which they were used to pay. The appellee, W. R. Banker, testified that the value of the property which remained in the taxing district and subject to tax levy for retirement of the outstanding bonds, penalties and interest thereon, was entirely insufficient and the effect of his testimony was to show that the owners of outstanding and unpaid bonds were prejudiced by the illegal surrender of the bonds in payment of tax assessments, penalties and interest. He further testified that, in his opinion, by the restoration and re-establishment of the assessments, the bonds would be paid

through No. 87. Appellant, S. N. North, testified in substance that the restoration of the property to the tax rolls did not enhance the security for the outstanding and unpaid bonds, and no benefit was derived thereby.

It was admitted for the record that the properties restored by the decree of the court, were worth the amount of the taxes against them and, therefore, sufficient to retire the value of the bonds, which had been surrendered in payment of taxes, penalties, and interest. It is, therefore, apparent that the restoration of the bonds and the tax assessments did not prejudice the outstanding bonds affected by the decree of the Court.

From this conflicting evidence the Court found that at the time of the filing of the appellee's amended and supplemental bill, "the value of the various lots or tracts against which there remained installments of assessments which had been neither paid nor cancelled by the surrender of bonds, was insufficient to make likely or probable the voluntary payment by property owners of a sufficient sum of such unpaid assessment, as would provide funds for the payment of the outstanding interest coupons of said District, * * * and the outstanding bonds of serial number lower than number 55, with the accrued interest thereon. * * *". The court found that all bonds having a serial number greater than No. 54, which had been, or would hereafter be paid, would be paid from funds collected by the City Treasurer as a result of the institution and prosecution of this cause by W. R. Banker, attorney for the relator herein. The court specifically found that the prosecution of this suit had been beneficial to the appellant, S. N. North, and not detrimental. The Court found that North purchased Bonds Nos. 55, 64 and 66 prior to the institution of this suit and Bonds Nos. 75 and 77 subsequent thereto; that the total cost of these bonds was not in excess of $1,100 and that all of these bonds having a present value of $3,850 would be paid, resulting in a profit to North of $2,750. The court further found that the appellant, North, attempted to pay the tax assessments against Lots 17 and 18 of Block 23, within the taxing district, by surrender of Bond No. 88 and parts of Bonds Nos. 68 and 92; that the total cost to him for the said bonds, so used, was $551.80. The court found that the face value of these bonds was $3,700 and that it was certain

that $565 would be paid toward the retirement of these bonds.

Considering that by reason of the suit and the subsequent decree of the court, the appellant, North, is required to pay $1,660 in taxes, penalties and interest, which he had theretofore paid by the surrender of bonds No. 88 and parts of Nos. 68 and 92, which he claims resulted in a detriment to him, yet he is benefited by the suit and the court so found.

Adopting the theory of the appellant, North, it is clear that for him to show a detriment, in order to avoid the application of the principles of equity, he must rely upon the accruements of an act, not sanctioned by law. The result of his contention is that he paid his tax assessments by the illegal surrender of bonds of a greater numerical number than others similarly situated who owned bonds of a lessor numerical number, and who were entitled to have the tax assessments, penalties and interest against property owned by him subjected to payment of their bonds, and because he was deprived of that unwarranted advantage by the suit of the appellee, he suffered a detriment.

The question then arises, may one rely upon his illegal act to the prejudice of those similarly situated in order to deny benefits and prove a detriment? In our view such is not the purpose of the rule which governs a court of equity in adjusting the relative rights of parties interested in a common fund. Absent the advantage gained by North, through the application of an invalid statute, he reaped a benefit along with the other bondholders having bonds of a greater serial number than No. 55, and under the decree of the court he is proportionately assessed a fee to be charged against those bonds, when paid from the assessments against the property, a part of which was restored to the tax rolls by the appellee, W. R. Banker. North's opposition to the suit, prompted by his desire to take an unwarranted advantage, does not bar the application of the equitable principles underlying these facts.

█ Counsel for appellant, North, argues that the restoration of the tax assessments, penalties and interest was merely a formal matter because the illegality of the procedure authorized by the Act of 1933, supra, had been re-established in other jurisdictions. It must be remembered that the payment of these taxes, penalties and interest, by the surrender of bonds, or a part of them, was in compliance with a mandate of the District Court and although the right inhered in the holders of the bonds, yet until it was asserted, the evil prevailed and the right was denied. Without more, it is plain that the decree of the court, effected by the diligent efforts of the appellee, W. R. Banker, resulted in the restoration and preservation of a fund in which the parties had a substantial and common interest.

█ The suit by the relator was an action in rem against all lots or parcels of land in the Improvement District as to which assessment payments were in default. Service Feed Company v. City of Ardmore, 171 Okl. 155, 42 P.2d 853. The court had jurisdiction of the fund, which constituted the assessments and of which the City of Wewoka was Trustee. The City of Wewoka, was a party to the suit and by its answer challenged the jurisdiction of the court to enter the judgment. The relator was authorized to maintain this suit in behalf of those similarly situated. Chapter 173, Session Laws of Oklahoma, 1923, Section 29, 11 Oklahoma Statutes Annotated § 107. Service Feed Company v. City of Ardmore, supra. The rights of the bondholders, whether parties to the suit or not, were adequately and effectively protected. In Davis v. McCasland, supra, the Supreme Court of the State of Oklahoma, effectively answered this question by stating [182 Okl. 49, 75 P.2d 1119]: "The city in its capacity and duties under a paving bond contract has been termed 'trustee for all the interested bondholders,' * * * and the trustee of an express trust, * * *. It is apparent, therefore, that the city had a duty to perform that was not purely ministerial as well as an interest in the results of the collections. * * * We conclude, therefore, that the city has such interest, both in its own right and as trustee, to enable it to raise the constitutional questions involved, * * *."

█ The Court properly ordered the fee paid direct to the solicitor. Nolte v. Hudson Navigation Company, supra, and Central Railroad & Banking Company of Georgia v. Pettus, supra. The appellant, North, complains that the fee allowed, and assessed, is excessive. Generally, an allowance of a fee to a solicitor, in this class of cases, is within the judicial discretion of the trial court and in fixing that fee the court can proceed upon its own knowledge of the value of the solicitor's services, and the trial court's conclusion, based on the facts

and his own knowledge must be accepted unless the evidence decidedly preponderates against it. Carbon Steel Company v. Slayback, 4 Cir., 31 F.2d 702; Harrison v. Perea, 168 U.S. 311, 18 S.Ct. 129, 42 L.Ed. 478, and Buford v. Tobacco Growers' Coop. Ass'n, 4 Cir., 42 F.2d 791.

In our view, the facts amply support the finding of the court and the conclusions based thereon, both in respect to the jurisdiction of the court to award a fee to the solicitor and the amount of the same.

The judgment of the trial court is affirmed.