SECURITY STATE BANK OF
WEWOKA et al. v. CITY OF
WEWOKA ex rel. RICHTER
et al.

BURCH et al. v. CITY OF WEWOKA
ex rel. WANGLER et al.

Nos. 29995, 29996.    Oct. 28, 1941.

Rehearing Denied Dec. 16, 1941.

*119 P. 2d 846.*

Thos. J. Horsley and Hicks Epton, of Wewoka, for plaintiffs in error.

W. R. Banker, A. Camp Bonds, and Glenn R. Davis, all of Muskogee, for defendants in error.

CORN, V. C. J.   This is an appeal from a judgment of foreclosure of delinquent paving assessments against property in the city of Wewoka in favor of the plaintiff and against the defendants, in an action brought by said city on relation of certain bondholders against numerous property owners, including the defendants, who are prosecuting this appeal. We continue referring to the parties herein as they appeared in the trial court.

The defense to the action is based upon the payment of the assessments with paving bonds under authority of chapter 58, S. L. 1933. It is conceded that said statute is unconstitutional and void as to bonds issued prior to the act, as held in Davis et al. v. McCasland, 182 Okla. 49, 75 P. 2d 1118, but the defendants contend that the city clerk, in the acceptance of the bonds, was acting as agent of the bondholders, and that the relators in this case are bound by the acts of their said agent. The defendants also advance the argument that as a matter of pleading the plaintiff admitted such agency by its failure to file a verified denial in reply to the allegation of agency in the defendants' answer.

The issues in the case are not determinable upon any theory of agency. The powers and duties of a city clerk with reference to paving assessments, paving bonds and bondholders are fixed by statute, and the legality of his acts are determined by the statute and not under the law of agency. Acts of a city clerk not authorized by statute, or acts performed under a void statute, with

reference to paving assessments or paving bonds are not binding upon the holders of the bonds.

In Davis et al. v. McCasland, supra, as set out in the syllabus:

"A city in its capacity as trustee for all interested bondholders of a paving district may question the constitutionality of an act affecting the rights of such bondholders, and neither it nor its officers acting for it in such capacity can be compelled by an unconstitutional law to act prejudicially to such bondholders. . . .

"The remedy subsisting in the state when and where a contract is made and to be performed is part of the obligation of the contract which cannot be impaired by subsequent legislation. (Section 15, art. 2, Oklahoma Constitution; section 10, art. 1, U. S. Constitution.) . . .

"Chapter 58, S. L. 1933, providing for payment of paving and other special assessments by delivery of bonds of the district, is unconstitutional and void, so far as bonds issued prior to said act are concerned, in that it provides a method of payment substantially different from that in the bond contract, affects the security of some of the bonds issued, and prejudices the city's rights as trustee."

It is also urged by the defendants as a further defense that a judgment of mandamus rendered by the district court of said county, compelling the city clerk to accept the paving bonds in payment of the paving assessments, is res judicata as to the clerk's actions in the question, but the contention is without merit, and cannot be considered where it is prejudicial to the constitutional rights of the bondholders.

The judgment of the trial court is affirmed.

WELCH, C. J., and RILEY, OSBORN, BAYLESS, GIBSON, HURST, and DAVISON, JJ., concur. ARNOLD, J., absent.