HANN et al. v. CITY OF CLINTON, OKL. ex rel. SCHUETTER and five other cases.

Nos. 2476–80, 2486.

Circuit Court of Appeals, Tenth Circuit.

Nov. 17, 1942.

Jess C. Wesner and Lockwood Jones, both of Cordell, Okl. (G. A. Meacham, E. J. Meacham, A. H. Meacham, and D. W. Meacham, all of Clinton, Okl., on the brief), for appellants.

W. A. Lybrand, of Oklahoma City, Okl. (Henry G. Snyder, of Oklahoma City, Okl., on the brief), for appellees.

Solon W. Smith, of Oklahoma City, Okl. (W. R. Banker, of Muskogee, Okl., and Norman J. Futor, of Oklahoma City, Okl., on the brief), amicus curiæ.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

The City of Clinton, and the City of New Cordell, in Oklahoma, levied assessments for street improvements in respective designated districts, and issued paving bonds payable solely out of the proceeds of the assessments. In each instance default was made in the payment of some of the bonds, and these six separate actions were filed by one or more individual owners of an unpaid bond or bonds, on the relation of the city, to foreclose the lien. Five of the actions involved assessments made and bonds issued by the City of Clinton, and the sixth assessments made and bonds issued by the City of New Cordell. Each cause of action in the complaint in each case was against one or more separate defendants and involved one or more lots or parcels of land. In each instance the complaint alleged the creation of the improvement district, the levying of the assessment, the issuance of the bonds, the default, plaintiffs' ownership of the bond or bonds, and defendants' ownership of the particular lots or tracts. The prayer was for the establishment and foreclosure of the assessment lien, the sale of the property, and the application of the proceeds to payment of costs, payment of the unpaid assessments, and payment of the balance, if any, to the clerk of the court to be held subject to the further order of the court. The answering defendants pleaded payment of the assessments, limitations, and nonownership of the bond or bonds by the individual plaintiffs.

The cases were submitted on stipulated facts. It was stipulated among other things that in certain specified instances bonds had been tendered and accepted in payment of assessments and the assessment liens cancelled of record. The court entered judgment in each case establishing

and foreclosing the assessment lien, reinstating the lien which had been cancelled on surrender of bonds, providing that the judgment in each instance might be paid in cash to the clerk of the city, directing that on such payment appropriate entries be made releasing the judgment and cancelling the assessment lien, providing that where payment was not made within six months the property be sold, providing that after payment of costs the proceeds be paid to the city treasurer and be by him used in retiring the bonds, and providing that the balance, if any, be paid to the clerk of the court subject to the further order of the court. Certain defendants in the several cases appealed.

■ The jurisdiction of the trial court is challenged for lack of diversity of citizenship. The complaint in each case alleged the residence and citizenship of the individual plaintiff or plaintiffs owning the particular bond or bonds in suit—in a state or states other than Oklahoma, and further that all of the defendants were residents and citizens of Oklahoma. But it is urged that the city was in each instance an indispensable party and therefore there was a want of diversity. Chapter 173, Laws of Oklahoma 1923, 11 O.S.1941 § 81 et seq., provides a complete and comprehensive plan for the improvement of streets and alleys, and these assessments were made and these bonds issued under its provisions. Section 25 of the act, 11 O.S.1941 § 105, provides that after full payment of all bonds and interest the surplus remaining in the fund shall be used for the purpose of repair and maintenance of the improvement for which the assessments were made. While the assessments are primarily for the benefit of the holders of bonds, the city has an indirect and contingent pecuniary interest in them. But that contingent interest is limited to the surplus, if any, after full payment of the bonds. The city has no right either to penalties or interest until all owners of bonds have been paid in full. Oklahoma City v. Vahlberg, 185 Okl. 28, 89 P.2d 962.

■ Generally in respect of the collection of the assessments the city has been called the trustee for all the bondholders. Service Feed Co. v. City of Ardmore, 171 Okl. 155, 42 P.2d 853; Davis v. McCasland, 182 Okl. 49, 75 P.2d 1118. But section 29 of the act, 11 O.S.1941 § 107, provides that any holder of such a bond shall have the right to institute, in the name of the city or town issuing it, an action in the district court of the county in which the property is located to foreclose the assessment lien when the assessment has been delinquent for a period of twelve months. That provision comes into play where the assessment has not been collected through prescribed administrative processes and has been delinquent for twelve months or more. And in such an action the city is not the agent or representative of the bondholders. The bondholders are the real parties in interest as to their own rights. Oklahoma City v. Vahlberg, supra.

■ In determining the question whether diversity of citizenship requisite to jurisdiction exists, a court looks to the citizenship of the real parties in interest; and where there is complete diversity between them, the presence of a nominal party with no real interest in the controversy will be disregarded. Jurisdiction is not ousted by the joinder or nonjoinder of mere formal parties. Wormley v. Wormley, 8 Wheat. 421, 450, 5 L.Ed. 651; State of Maryland v. Baldwin, 112 U.S. 490, 5 S.Ct. 278, 28 L.Ed. 822; Wilson v. Oswego Township, 151 U.S. 56, 14 S.Ct. 259, 38 L.Ed. 70; Salem Trust Co. v. Manufacturers' Co., 264 U.S. 182, 44 S.Ct. 266, 68 L.Ed. 628, 31 A.L.R. 867; Blytheville, L. & A. S. R. Co. v. St. Louis-San Francisco Ry. Co., 8 Cir., 33 F.2d 481; Federal Reserve Bank v. Omaha Nat. Bank, 8 Cir., 45 F.2d 511, certiorari denied, 282 U.S. 902, 51 S.Ct. 215, 75 L.Ed. 794; McLean v. State of Mississippi, 6 Cir., 96 F.2d 741, 119 A.L.R. 670, certiorari denied, 305 U.S. 623, 59 S.Ct. 84, 83 L.Ed. 399. The city was merely a formal party, not necessary to a complete adjudication of the controversy between the owners of the bonds on one hand and the owners of the property covered by the assessment lien on the other. There was complete diversity of citizenship between the real parties in interest and therefore the court did not lack jurisdiction for want of it.

■ The jurisdiction of the court is further challenged for lack of the requisite amount in controversy. Each separate cause of action in each case was against one or more defendants, owner or owners of one or more lots or tracts assessed. In no single cause of action did the assessment against the lots or parcels exceed the sum of three thousand dollars. But in each complaint the assessment against the lots or tracts in the several causes of action

aggregated more than three thousand dollars, exclusive of interest and costs. Section 29, supra, empowers any holder of a bond to prosecute a suit to foreclose the lien. Such an action is a special proceeding as distinguished from an ordinary suit in equity to establish and foreclose a lien. Morgan v. City of Ardmore, 182 Okl. 542, 78 P.2d 785. The assessment is apportioned among the several lots or parcels of land, a specified sum being assessed against each lot or parcel, but the lien of the bondholders covers the entire district as a unit. Service Feed Co. v. City of Ardmore, supra; Davis v. McCasland, supra. The special foreclosure action proceeds in rem against all lots or parcels where the assessment has been delinquent for twelve months or more; and it may be prosecuted by any holder of a bond without joining as parties others similarly situated. Service Feed Co. v. City of Ardmore, supra. Although instituted by only one or more bondholders it is a class action for the benefit of the plaintiff or plaintiffs and all others in like situation. Service Feed Co. v. City of Ardmore, supra; Morgan v. City of Ardmore, supra.

 It is a well recognized rule that two or more creditors having separate and distinct demands, each less than three thousand dollars but aggregating more than that sum, exclusive of interest and costs, cannot join their demands in an action in order to confer jurisdiction upon a United States Court. But in a class action of this kind the aggregate amount of the bonds, and the aggregate amount of the fund sought to be produced for the benefit of all bondholders by the establishment and enforcement of the assessment lien, is the yardstick with which to determine the question whether the requisite amount is in controversy, not the amount of the bond or bonds owned by plaintiff alone to the exclusion of other unpaid bonds belonging to other owners, or the amount of the assessment against the lots or lands of one defendant to the exclusion of that against other lots or tracts in the improved district in different ownership. Brusselback v. Chicago Joint Stock Land Bank, 7 Cir., 85 F.2d 617, certiorari denied, 299 U.S. 615, 57 S.Ct. 320, 81 L.Ed. 454. Treating the actions in that manner, the sum essential to jurisdiction was in controversy.

The next question is whether the actions were barred by limitations. In two of the cases the last installment of the respective assessments was due on or before September 1, 1934, the bonds were payable in numerical order on or before October 1, 1934, and the suits were filed in December, 1938, and May, 1939, respectively; and in the other four cases the last installment of the respective assessments was due on or before September 1, 1935, the bonds were payable in numerical order on or before October 1, 1935, and the suits were filed in August, 1939, September, 1939, October, 1940, and November, 1940, respectively. It is contended that the proceedings were barred under the second subdivision of 12 O.S. 1941 § 95, which provides that a civil action upon a liability created by statute other than a forfeiture or penalty shall be commenced within three years after the cause of action shall have accrued, and not afterwards.

The first paving law enacted in Oklahoma appeared as article 6, chapter 12, Wilson's Revised and Annotated Statutes of Oklahoma 1903, and it contained a provision that the assessments should be a charge and lien against the property assessed until fully paid. That act remained in force until the enactment of chapter 10, Laws of Oklahoma 1907–08. Section 5, article 1 of the later act provided that the special assessments and all interest thereon should constitute a lien against the lots and tracts assessed, co-equal with the lien of other taxes, and should continue until paid in full; and, with an addition which has no bearing here, that provision became section 634, R.L. 1910, and was carried forward as section 4609, C.O.S.1921. See McGrath v. Oklahoma City, 156 Okl. 34, 9 P.2d 711. Chapter 173, Laws of Oklahoma 1923, supra, was enacted with that legislative background. Section 23 thereof, 11 O.S.1941 § 103, expressly empowers the governing body of the city or town to levy assessments; and, following substantially the provision contained in the first act and identically that contained in the second, provides: " * * * Such special assessments, and each installment thereof and the interest thereon are hereby declared to be a lien against the lots and tracts of land so assessed from the date of the publication of the ordinance levying the same, co-equal with the lien of other taxes and prior and superior to all other liens against such lots or tracts of land, and such lien shall continue as to unpaid installments and interest until such assessments and interest thereon shall be fully paid, but unmatured installments shall not be deemed to be within the terms of any general covenant or warranty."

This is a special statute authorizing assessments and dealing with the rank and duration of the lien. The lien becomes effective immediately upon the levying of the assessment, and when the assessment ripens into delinquency it may be collected or enforced by sale and resale of the property as in case of other delinquent taxes. Oklahoma City v. Vahlberg, supra; Board of Seminole County Com'rs v. City of Wewoka, Okl.Sup., 127 P.2d 826. In respect to rank and duration of the lien, the statute provides in clear language that it shall be co-equal with that of other taxes, shall be prior and superior to all other liens, and shall continue as to unpaid installments of the assessment and interest thereon until they are paid in full. And in view of such statutory provisions, it was consistently held without deviation for many years that the lien continues intact and unextinguished as to unpaid installments and interest until they are paid in full or until it is extinguished by being merged into a valid sale of the property made to satisfy delinquent installments and other taxes. Perryman v. City Home Builders, 121 Okl. 150, 248 P. 605; McGrath v. Oklahoma City, supra; Settle v. Frakes, 156 Okl. 53, 9 P.2d 768; Runnells v. Citizens' Nat. Bank of Wooster, Ohio, 157 Okl. 94, 11 P.2d 173. Otherwise than being merged into a valid sale of the property made to satisfy delinquent installments, it was further held that the only manner in which the lien may be discharged is by payment in the manner prescribed by law. Independent School Dist. No. 39 v. Exchange Nat. Co., 164 Okl. 176, 23 P.2d 210, 95 A.L.R. 685.

The well-recognized rule obtains in Oklahoma that the law existing at the time of the issuance of bonds and authorizing their issuance enters into and becomes an essential part of the contract in such way that the obligation of the contract cannot be impaired or its fulfillment hampered or obstructed by subsequent change in the law. Perryman v. City Home Builders, supra; Nelson v. Pitts, 126 Okl. 191, 259 P. 533, 53 A.L.R. 1137; Prince v. Ypsilanti, 140 Okl. 131, 282 P. 282; McGrath v. Oklahoma City, supra; Davis v. McCasland, supra. And it is likewise the prevailing rule of law in that state, in harmony with that elsewhere, that the settled judicial construction placed upon a statute becomes as much a part of it as the text itself, so far as contract rights acquired under the statute are concerned; and in point of impairment of the obligation of the contract, a change of decision after the rights are acquired is to all intents and purposes the same in its effect as an amendment of the law by means of a legislative enactment. Bagby v. Martin, 118 Okl. 244, 247 P. 404.

But appellants rely on Board of Education v. Johnston, 189 Okl. 172, 115 P.2d 132. The court there said that while the lien securing special assessments is co-equal with that of taxes created by statute, still under section 10957, O.S.1931, 42 Okl. St.Ann. § 23, now 42 O.S.1941 § 23, it may be extinguished by a mere lapse of time; that it is extinguished by the lapse of time within which under the provisions of civil procedure a civil action or its equivalent may be brought to liquidate the obligation; and that an action to foreclose the delinquent lien may be initiated within twelve months. But that was not a special proceeding brought under the authority of section 29, supra, to foreclose the lien. It was an action in mandamus to compel the Board of Education to include in its estimates for the fiscal years 1937, 1938, and 1939, sums with which to pay delinquent installments of assessments due in the fiscal years 1924, 1925, and 1926, together with interest thereon. The court held that mandamus is a special proceeding; that the writ will not issue in doubtful cases; that the owner of public improvement bonds should not be permitted to rest indefinitely secure with interest bearing burdens on a municipality; that after the long delay which had intervened the granting of the writ and the requirement of payment in full of the delinquent assessments and accumulated interest would result in compelling the taxpayers of the district to pay thrice the amount of the original cost; and that in such circumstances the equitable doctrine of laches applied. That case was expressly followed and the doctrine applied in Wilson v. City of Hollis, Okl. Sup., —— P.2d ——,[1] decided October 5, last, which was an action in mandamus to compel the Board of Education to include in its estimates for the fiscal year 1940–41 a sum sufficient to pay a paving installment due in the year 1929, and to make like provision in subsequent estimates for installments due in 1930 to 1936, inclusive. There the court said that delay and disadvantage

---

[1] Not released by court at date of publication.

caused thereby are the essential elements of laches. The court then took judicial notice of a decrease in population and valuation of property which had intervened during the eleven years the assessments had been in default, and held that in such circumstances it would be inequitable to grant the writ and thus require the public to pay an amount greatly in excess of the assessments at the time of their maturity. We are persuaded that the court intended the language used in Board of Education v. Johnston, supra, concerning the extinguishment of the lien by the lapse of time to be limited to a case of that kind; and that it was not intended to apply with controlling effect in a special statutory proceeding instituted by a bondholder on behalf of himself and all others similarly situated to enforce the lien, especially where it would have the effect of changing the consistent rule of decision of long duration in relation to a question of such wide concern, and more especially as to assessments previously levied and then unpaid and bonds previously issued and then outstanding.

 Our attention is called to section 1, article 6, chapter 33, Laws of Oklahoma 1939, 11 O.S.1941 § 242. It provides that from and after the effective date of the act, the right of any holder of street improvement bonds to enforce the assessment lien by foreclosure, mandamus, refunding or otherwise, shall be barred upon the expiration of three years following the maturity of such bonds unless an action of foreclosure shall have been instituted and service of summons had, but that in cases where the period mentioned had expired or would expire before November 1, 1939, the holder should have until December 1, 1940, within which to pursue his remedy. That statute indicates clearly a then legislative understanding or interpretation that the general three-year statute of limitations previously adverted to did not apply to a special proceeding to foreclose an assessment lien, for if it did the enactment of the later special act fixing the same three-year period was merely a gesture. Of course, that legislative interpretation should be and is strongly persuasive in resolving the doubt, if any existed, whether the general three-year statute applies to a special proceeding of this kind. First Natl. Bank in St. Louis v. Missouri, 263 U.S. 640, 44 S.Ct. 213, 68 L.Ed. 486. The statute further provides that where no proceeding in foreclosure has been filed within the time fixed, the property shall be absolved of any lien on account of the bonds; and section 16, 11 O.S.1941 § 242o declares it to be the legislative intention that the act shall be construed in its entirety, and in the event any part is unconstitutional and void, the entire act shall be void. These bonds were issued and outstanding when that statute was enacted. They were issued under the provisions of chapter 173, Laws of 1923, supra, in which it is provided that the lien shall continue until the assessment and interest thereon shall be paid in full. That provision became a part of the contract, and it requires no amplification beyond that which has been said to make it plain that to give effect to the act of 1939 in absolving the property of the lien short of payment or sale of the property for delinquent installments or other delinquent taxes would impair the obligation of the contract. While the act is ineffective to extinguish assessment liens in existence at the time of its enactment, still resort may be had to it as an expression of legislative understanding in respect to the application of the general three-year statute of limitations.

 In addition to the defenses previously referred to, appellants in one of the cases relied upon res judicata. By answer they pleaded that the then owner of the lots instituted in the state court two actions in mandamus to compel the clerk of the City of Clinton to accept paving bonds in payment of the assessments; that judgments were entered for plaintiff and writs of mandamus issued requiring the clerk to accept the bonds for that purpose; that no appeal was taken in either case; and that the bonds were tendered and accepted and receipts issued, all pursuant to the judgments and writs. It was stipulated in the court below that the only question involved in those two actions was the validity or invalidity of chapter 58, Session Laws of 1933, 62 O.S.1941 § 341 et seq. That statute provides that the owner of property in a paving district shall have the right to pay the assessment against his property with paving bonds; that the clerk shall accept bonds for that purpose; and that payment in that manner shall operate to discharge the lien. But the act was declared unconstitutional in respect of bonds issued prior to its enactment as impairing the obligation of the contract, where the

statute authorizing the issuance of such bonds failed to provide for payment in that manner. Davis v. McCasland, supra. And in view of the unconstitutionality of the act, it was recently held that a judgment in a mandamus action to compel the clerk to accept bonds in payment of an assessment lien does not constitute res judicata in a subsequent special proceeding to enforce the lien. Security State Bank of Wewoka v. City of Wewoka, 189 Okl. 699, 119 P.2d 846. That case leaves no room for doubt that the plea of res judicata predicated upon the judgments in the actions in mandamus was ill-founded.

Other questions are presented. We fail to find any merit in them.

The judgments are severally affirmed.